PRISONERS — WORK AS PART OF ON-THE-JOB VOCATIONAL TRAINING Department of Corrections prisoners may be used to repair roads and to construct picnic or camping facilities when but only when such work is part of their on-the-job vocational training. The Attorney General has had under consideration your recent letter in which you ask if under existing law it is permissible for Department of Corrections prisoners receiving vocational training at the Ouachita Vocational-Technical Camp to be used in ". . . repairing forest roads in the Ouachita National Forest, and also constructing picnic and camping facilities in connection with their on the job training." You note that our Opinion No. 70-176 held that inmates of institutions of the Department of Corrections could not be used for trash clean-up work on public highways or in public parks, but you suggest that work projects related to "on the job training" may not be within the purview of said opinion. With some qualification, as more specifically detailed infra, the Attorney General concurs in your view. Title 57 O.S. 510 [57-510](d) (1969), authorizes the Director of Corrections to maintain "prison industries" at the institutions of the Department of Corrections. Title 57 O.S. 211 [57-211] — 57 O.S. 214 [57-214] (1961), authorize state eleemosynary institutions to requisition prisoners for work or service at such institutions. These sections of the statutes are the only presently valid specific authority for the working of Department of Corrections prisoners which we have found. We held in Opinion No. 70-176, supra, that the prisoners could not be worked on public highways and in public parks because of lack of specific authority for same. Title 57 O.S. 510 [57-510](f) (1969), however, authorizes the Director of Corrections to "provide for the education, training, vocational education, rehabilitation and recreation of prisoners," and does not specify any particular site for such education, training, etc. In another former opinion, to wit: Opinion No. 68-138 (1 Okla. Op. A.G. 61), relied in part upon this subsection to say that a prisoner could still be deemed within the custody of the Department of Corrections even while undergoing on-the-job training outside the 268 confines of a "trusty camp" or other facility of the Department of Corrections. We are informed that the Department of Corrections, in cooperation with the State Department of Vocational and Technical Education, plans to offer vocational education to selected inmates from the state penitentiary and/or state reformatory at the Ouachita Vocational-Technical Camp. We are further informed that the initial vocational courses will include culinary arts, carpentry, welding, and auto mechanics. We take note of the fact that "on-the-job training" is typically a part of vocational training in such subjects as these. Considering the foregoing facts we have noted and our two former opinions together, we conclude that it is permissible to use prisoners in work activities such as you mention when but only when such work is part of their vocational education. That is to say, we deem it unlikely that work on the roads or on picnic or camping facilities would ever be part of the training of cooks or auto mechanics; however, such work might easily be part of the training of carpenters or welders. In any event it would be the factual determination that the work was part of the vocational education that would be determinative. In conclusion then it is the opinion of the Attorney General that Department of Corrections prisoners may be used to repair roads and to construct picnic or camping facilities when but only when such work is part of their on-the-job vocational training. (HUGH H. COLLUM)